AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>DEEON FLOWERS,<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

1:20-mj-0977

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of     October 17, 2020     in the county of     Marion     in the

Southern     District of     Indiana     , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count 1: 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Convicted Felon |
| Count 2: 18 U.S.C. § 922(g)(1) | Possession of Ammunition by a Convicted Felon |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

s/Launa K. Hunt
_____
*Complainant's signature*

Launa K. Hunt, Special Agent, ATF
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by
_____telephone_____ *(reliable electronic means)*

Date:     November 5, 2020

City and state:     Indianapolis, IN

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR CRIMINAL COMPLAINT

1.      Your Affiant is a Special Agent (SA) with the federal Bureau of Alcohol, Tobacco,
Firearms, and Explosives (ATF), a component of the United States Department of Justice, and has
served in that capacity since September 2014.   Your Affiant is currently assigned to the
Indianapolis Group I Field Office – Achilles Task Force and is charged with investigating
violations of federal firearms, explosives, and arson laws, as well as offenses enumerated in Titles
18 and 26 of the United States Code, for all of which your Affiant has received formal training at
the Federal Law Enforcement Training Center and the ATF National Academy.  As a federal agent,
your Affiant is a "federal law enforcement officer" within the meaning of Federal Rule of Criminal
Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws.

2.      Prior to employment with ATF, your Affiant was employed as a police officer with
the Kokomo (Indiana) Police Department for approximately 10.5 years.  As a law enforcement
officer, your Affiant has participated in investigations involving homicides, aggravated batteries,
serious violent felons, firearms, drug trafficking, robberies, and financial crimes, among other
matters.  Your Affiant has also testified in judicial proceedings and prosecutions for violations of
comparable state law.

3.      This affidavit is submitted in support of a criminal complaint charging Deeon
FLOWERS (date of birth XX/XX/1992 and Social Security Number XXX-XX-8490) with
Possession of a Firearm and/or Ammunition By a Prohibited Person in violation of Title 18, United
States Code, Section 922(g)(1).  The information contained in the below numbered paragraphs is
either personally known to your Affiant or told to your Affiant by other law enforcement officers.

**Facts Supporting Probable Cause**

4.      On October 17, 2020, officers with the Indianapolis Metropolitan Police Department (IMPD) were dispatched to investigate a possible kidnapping in the area of 38th Street and Keystone Avenue.  Officers were told a male individual named DEEON FLOWERS took an 11 year old child without the mother's permission. Officers were also told that FLOWERS was driving a black Trailblazer, that he was currently at the gas station at 3845 North Keystone Avenue, and that he was possibly armed.

5.      IMPD Officer Montgomery located the black Trailblazer at the above mentioned gas station. A male individual later identified as FLOWERS was sitting in the driver's seat of the Trailblazer. There was an 11 year old child in the front passenger seat. FLOWERS exited the Trailblazer at Officer Montgomery's request.  When FLOWERS was outside the Trailblazer, Officer Montgomery immediately saw what appeared to be an extended handgun magazine protruding from FLOWERS' pocket.  Officer Montgomery recovered the magazine, which was loaded with nine (9) live 9 mm caliber rounds of ammunition.

6.      Officers observed a small plastic bag containing marijuana in plain view in the front passenger compartment of the Trailblazer. Officers applied for a search warrant for the Trailblazer, which was granted.

7.      During the search of the vehicle, officers located a 9mm Taurus, model G2C bearing serial number TMT20966 ("the Taurus") under the front driver's seat.  The Taurus was loaded with fourteen (14) live 9 mm rounds.  Officers also located a loaded PT111 Pro 9mm handgun magazine containing ten (10) live rounds inside a blue lunch box on the floorboard of the front passenger side of the Trailblazer.

8.      After being read his *Miranda* rights, FLOWERS stated that the magazine that had been recovered from his pocket belonged to him. When asked if that magazine belonged to the Taurus recovered from the vehicle, FLOWERS responded that the gun belonged to his girlfriend.

9.      An interstate nexus expert with ATF determined that neither the Taurus nor any of the recovered ammunition was manufactured in the state of Indiana and therefore the firearm and ammunition had to have been transported or shipped in interstate or foreign commerce.

10.     A criminal history check revealed FLOWERS has sustained the following convictions for a crime punishable by more than one (1) year of imprisonment:

   a.   Theft, a D felony, under Marion County (Indiana) cause number 49G01-1210-FD-073033 on or about March 7, 2013; and/or,

   b.   Robbery, a B Felony, under Marion County (Indiana) cause number 49G01-1205-FB-029229 on or about July 10, 2012.

### Conclusion

11.     Based on the facts set forth in this affidavit, your Affiant submits that probable cause exists that on October 17, 2020, in the Southern District of Indiana, Deeon FLOWERS, having knowingly been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition, said firearm and ammunition having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).  I respectfully request this Court issue a Criminal Complaint charging FLOWERS accordingly, along with a warrant for his arrest.

/s/ Launa K. Hunt
Launa K. Hunt, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Attested to by the applicant in accordance with the requirements of

Fed. Crim. P. 4.1 by telephone.

Date: November 5, 2020

